JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
PHILIP A. HORLACHER
Nevada Bar No. 16891
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
*PHorlacher@GGTrialLaw.com*

Attorneys for Plaintiff Arrah Glidewell

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARRAH GLIDEWELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOVEDOCS.COM LLC. a Nevada limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)  DISCRIMINATION BASED ON DISABILITY AND SEX (NRS § 613.330);**<br><br>**(2)  DISCRIMINATION BASED ON SEX (42 U.S.C. § 2000e *et seq.*);**<br><br>**(3)  DISCRIMINATION BASED ON DISABILITY (42 U.S.C. § 12112 *et seq.*);**<br><br>**(4)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**<br><br>**(5)  FMLA INTERFERENCE (29 U.S.C. § 2615(a)(1));**<br><br>**(6)  DISCRIMINATION IN VIOLATION OF THE PWFA (42 U.S.C. § 2000gg, *et seq.*);**<br><br>**(7)  FAILURE TO ACCOMMODATE IN VIOLATION OF THE PWFA (42 U.S.C. § 2000gg, *et seq.*);**<br><br>**(8)  RETALIATION IN VIOLATION OF THE PWFA (42 U.S.C. § 2000gg, *et seq.*);**<br><br>**(9)  DISCRIMINATION IN VIOLATION OF THE NEVADA PWFA (NRS  613.4353, *et*** |

-1-

*seq.*);

**(10)  FAILURE TO ACCOMMODATE IN VIOLATION OF THE NEVADA PWFA (NRS  613.4353, *et seq.*);**

**(11)  RETALIATION IN VIOLATION OF THE NEVADA PWFA (NRS  613.4353, *et seq.*).**

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Arrah Glidewell ("Plaintiff" or "Ms. Glidewell") alleges as follows:

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.* (Title VII), 29 CFR § 825.220 (FMLA), 42 U.S.C. § 12112 *et seq.* (ADA Discrimination), 42 U.S.C. § 12203 *et seq.* (ADA Retaliation); 42 U.S.C. 2000gg *et seq.* (PWFA). The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendant resides in Clark County, Nevada.

## NATURE OF THE ACTION

4.      This action arises from Defendant MoveDocs.com LLC's unlawful termination of Plaintiff Arrah Glidewell's employment shortly after she returned from protected medical leave related to pregnancy and childbirth. Ms. Glidewell was employed as a Supervisor and performed her job successfully. She notified Defendant of her pregnancy, requested reasonable accommodations as her pregnancy progressed, and continued working despite developing pregnancy related medical complications, including sciatica and the need for emergency childbirth and extended recovery.

5.      Defendant approved Ms. Glidewell's accommodations and Family and Medical Leave Act leave. She returned to work within the legally protected period and expressed her readiness to resume her duties. Within hours of clocking in on her first day back, Defendant terminated her employment, even though she was entitled to reinstatement to her position or a comparable position.

6.      As a result of Defendant's conduct, Ms. Glidewell lost her employment, income, and suffered tremendous emotional distress at a time when she was recovering from childbirth and caring for a newborn.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PARTIES**

7.      Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

8.      Defendant is a Nevada limited liability company that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

9.      On or about December 12, 2022, Ms. Glidewell began working as a Supervisor in the Balance Verifications department for MoveDocs Com LLC dba Libra Solutions. She generally enjoyed her job and intended to remain employed indefinitely.

10.     On or about January 10, 2025, Ms. Glidewell discovered she was pregnant. On or about January 13, 2025, Ms. Glidewell notified her direct manager and Human Resources that she was pregnant and requested reasonable accommodation in the form of intermittent leave to attend occasional medical appointments. This accommodation was granted and Ms. Glidewell continued to perform all her ordinary duties.

11.     Beginning on or about May or 2025, Ms. Glidewell began experiencing severe pregnancy-related complications including nausea, vomiting, upset stomach, severe leg and knee swelling, pain, and cramping. She was also diagnosed with sciatica, a pregnancy-related disability causing severe hip and leg pain, swelling, and limited ability to walk and stand. On or about July 7, 2025, Ms. Glidewell obtained a doctor's note documenting her sciatica diagnosis and presented it to her employer on or about July 8, 2025. Ms. Glidewell requested further reasonable accommodation by asking to work remotely when suffering flare-ups of her condition. This accommodation was granted.

12.     On or about July 14, 2025, Ms. Glidewell experienced severe cramping requiring an emergency hospital visit. After returning home and resting for two hours, Ms. Glidewell returned to work that same day.

13.     On or about August 25, 2025, Ms. Glidewell went into emergency labor and suffered complications, requiring an extended recovery period of eight to ten weeks instead of the typical four to six weeks. Ms. Glidewell thus requested and took FMLA leave, beginning on August 25, 2025. Under the law, Defendant had an obligation to reinstate Ms. Glidewell so long as she returned

-4-

within twelve weeks, i.e., by Monday, November 17, 2025.

14. On or about October 27, 2025, Ms. Glidewell contacted her manager expressing excitement about returning to work on October 30, 2025 and seeing her team in the office. Her manager instructed her to work remotely instead and stated that the Director of Records would coordinate a meeting to share "integration planning" updates.

15. On or about October 30, 2025, Ms. Glidewell clocked in for her first day back from FMLA leave at approximately 8:30 a.m. Within approximately two hours of clocking in, she joined a conference call with the Director of Records and Human Resources and her manager. During the call, Defendant terminated Ms. Glidewell's employment on the false and pretextual basis of a "restructuring" that purportedly eliminated her supervisor position and "dispersed" her team.

16. On information and belief, Ms. Glidewell was the only employee terminated, while every single member of her team was reassigned to other departments within the company. When Ms. Glidewell asked why she was not being reassigned like her teammates, management refused to answer her question.

17. *Administrative Exhaustion*: Plaintiff timely exhausted her administrative remedies by filing a charge of discrimination with the EEOC on January 13, 2026. The EEOC closed Plaintiff's case and issued an immediate Right to Sue on January 16, 2026.

18. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("NRS") 42.001, 42.007.)

19. *Reckless Indifference and Conscious Disregard*: Defendant knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20. *Malice*: The conduct of Defendant was committed with malice, including that (a) Defendant acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a

workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Fraud:* In addition, and/or alternatively, the conduct of Defendant, as alleged, was fraudulent, including that Defendant asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

23. Further, Defendant is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); NRS 42.007.)

## FIRST CLAIM FOR RELIEF

### DISCRIMINATION BASED ON DISABILITY AND SEX

### (NRS § 613.330)

24. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25. Plaintiff was employed by Defendant, as defined by NRS § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in NRS § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

26. The acts and omissions of Defendant, as more fully set forth herein, constituted discrimination within the meaning of NRS § 613.330.

27. Plaintiff is within the class of persons that NRS § 613.330 intends to protect and

-6-

termination of employment on the basis of discrimination is the type of injury prohibited by NRS § 613.330.

28.    Plaintiff charges that Defendant discriminated against the Plaintiff based on her protected status or statuses, including sex and disability.

29.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

30.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS § 18.020, as well as attorneys' fees under NRS § 613.432 and 42 U.S.C. § 2000e-5(k).

31.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

**SECOND CLAIM FOR RELIEF**

**DISCRIMINATION BASED ON SEX**

**(42 U.S.C. § 2000e *et seq.*)**

32.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

34.    Plaintiff was an employee of Defendant, as defined by 42 U.S.C. § 2000e(b), and thus is barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in NRS § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the

-7-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

basis of these protected statuses.

35. Defendant took adverse employment actions against Plaintiff because of her sex, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

36. The discriminatory acts of Defendant have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental pain and anguish, in an amount according to proof at trial.

37. The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

38. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## THIRD CLAIM FOR RELIEF

### DISCRIMINATION BASED ON DISABILITY

**(42 U.S.C. § 12112 *et seq.*)**

39. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

41. Defendant, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

42. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

-8-

43.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

44.     Defendant took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

45.     The discriminatory acts of Defendant constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

46.     The discriminatory acts of Defendant have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

47.     The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

48.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### (42 U.S.C. § 12112(b)(5)(A))

49.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

50.     Plaintiff is a member of the classes of persons protected by federal statutes requiring

-9-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

reasonable accommodation for disabilities.

51.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

52.    Defendant employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

53.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

54.    Plaintiff requested reasonable accommodation for her disability.

55.    Defendant failed to provide reasonable accommodation for Plaintiff's disability.

56.    The failure of Defendant to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

57.    The acts of Defendant alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

58.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

59.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### FMLA INTERFERENCE

### (29 U.S.C. § 2615(a)(1))

60.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

-10-

herein by reference.

61. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

62. Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

63. Defendant was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

64. Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

65. As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

66. The conduct of Defendant constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

67. The acts of Defendant alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

68. The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and

deter Defendant from engaging in such conduct in the future.

69.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**DISCRIMINATION IN VIOLATION OF THE PWFA**

**(42 U.S.C. § 2000gg, *et seq*.)**

70.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

71.     Plaintiff was an employee of Defendant.

72.     Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

73.     Plaintiff notified Defendant of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

74.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

75.     Plaintiff was denied employment opportunities and subjected to adverse actions by Defendant because Defendant was required to make reasonable accommodations for Plaintiff.

76.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

77.     The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and

deter Defendant from engaging in such conduct in the future.

78.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

**SEVENTH CLAIM FOR RELIEF**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE PWFA**

**(42 U.S.C. § 2000gg, *et seq*.)**

79.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

80.    Plaintiff was an employee of Defendant.

81.    Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

82.    Plaintiff notified Defendant of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

83.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

84.    Under the Pregnant Workers Fairness Act of 2022 ("PWFA"), 42 U.S.C. § 2000gg, *et seq*., employers, including Defendant, are required to provide employees with reasonable accommodation(s) related to their pregnancy, childbirth, and/or related medical conditions.

85.    Defendant failed to provide reasonable accommodation(s) for conditions arising out of Plaintiff's pregnancy, childbirth, or other related medical conditions.

86.    The failure of Defendant to provide reasonable accommodation constitutes a violation of the PWFA.

87.    The acts of Defendant alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

88. The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

89. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

**EIGHTH CLAIM FOR RELIEF**

**RETALIATION IN VIOLATION OF THE PWFA**

**(42 U.S.C. § 2000gg, *et seq*.)**

90. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

91. Plaintiff was an employee of Defendant.

92. Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

93. Plaintiff notified Defendant of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

94. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

95. Defendant was an employer and thus was barred from taking adverse action in terms, conditions, or privileges of employment against employees on account of their requesting or using a reasonable accommodation to conditions arising out of pregnancy, childbirth, or other related medical conditions.

96. Plaintiff requested and/or used a reasonable accommodation to conditions arising out of her pregnancy, childbirth, or other related medical conditions ("protected activity"). As a direct

-14-

result of Plaintiff's protected activity, Defendant took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant constitutes retaliation in violation of the PWFA.

97.     The retaliatory conduct of Defendant has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

98.     The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

99.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

**NINTH CLAIM FOR RELIEF**

**DISCRIMINATION IN VIOLATION OF THE NEVADA PWFA**

**(NRS  613.4353, *et seq.*)**

100.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

101.     Plaintiff was an employee of Defendant.

102.     During her employment with Defendant, Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

103.     Plaintiff notified Defendant of these intrinsic condition as well as the need for reasonable accommodation for the same.

104.     Plaintiff was denied employment opportunities and subjected to adverse employment actions by Defendant based on the Plaintiff's need for a reasonable accommodation for her condition

-15-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

relating to pregnancy, childbirth or a related medical condition.

105.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

106.    The acts of Defendant alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future.

107.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020, as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

## TENTH CLAIM FOR RELIEF

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE NEVADA PWFA

### (NRS  613.4353, *et seq.*)

108.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

109.    Plaintiff was an employee of Defendant.

110.    During her employment with Defendant, Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

111.    Plaintiff requested Defendant to provide a reasonable accommodation for her mental or physical conditions intrinsic to pregnancy or childbirth.

112.    In violation of the Nevada Pregnant Workers' Fairness Act, Defendant refused to provide a reasonable accommodation to Plaintiff for her mental or physical conditions intrinsic to pregnancy or childbirth.

113.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

114. Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

115. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020, as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

<u>**ELEVENTH CLAIM FOR RELIEF**</u>

**RETALIATION IN VIOLATION OF THE NEVADA PWFA**

**(NRS  613.4353, *et seq.*)**

116. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

117. Plaintiff was an employee of Defendant.

118. During her employment with Defendant, Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

119. Plaintiff requested and/or used a reasonable accommodation intrinsic to pregnancy or childbirth. ("protected activity"). As a direct result of Plaintiff's protected activity, Defendant took adverse employment action against Plaintiff, including but not limited to termination. The conduct of Defendant constitutes retaliation in violation of the Nevada Pregnant Workers' Fairness Act.

120. As a direct result of Plaintiff's protected activity, Defendant took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant constitutes retaliation in violation of the PWFA.

121. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

122. Defendant knowingly, willfully, and intentionally acted in conscious disregard of

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

123.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020, as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Liquidated damages, for violating the FMLA;

3.    Emotional distress damages;

4.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.    For an award of reasonable attorneys' fees and costs incurred in this action;

6.    For pre-judgment and post-judgment interest, as provided by law; and

7.    For other and further relief as the Court may deem just and proper.

DATED: January 16, 2026                    GREENBERG GROSS LLP


By: _____
       Jemma E. Dunn
       Matthew T. Hale
       Philip A. Horlacher

       Attorneys for Plaintiff
       Arrah Glidewell

-18-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Arrah Glidewell hereby demands a jury trial.


DATED: January 16, 2026                    GREENBERG GROSS LLP


By: _____
Jemma E. Dunn
Matthew T. Hale
Philip A. Horlacher

Attorneys for Plaintiff
Arrah Glidewell

-19-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL